### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

TERRY GREEN                                        *

Plaintiff                                          *

v.                                                 *          Civil Action No. SAG-21-2987

COMMISSIONER OF CORRECTION, MD,      *
DEPARTMENT OF CORRECTION, MD, and
WARDEN, WESTERN CORRECTIONAL         *
INSTITUTION,
                                                   *
Defendants.
                                             ***
### MEMORANDUM OPINION

Maryland state inmate Terry Green claims his life is in danger and seeks injunctive relief or a temporary restraining order to address his safety concerns, in two separately filed motions. ECF 1, ECF 3.  The Office of the Attorney General of Maryland filed a response to the court's order to show cause why relief should not be granted.  ECF 5.

### BACKGROUND

Green is incarcerated at Western Correctional Institution ("WCI").  He claims there is "a contract on [his] person" and fears for his life. ECF 1 at 1-2.  Green states he was informed about the contract by an intel officer who received the information in a letter.  *Id*. at 2-3; ECF 3 at 2. Green was placed in segregation housing after he refused to help identify the handwriting of the Black Guerilla Family member who wrote the letter.  ECF 1 at 3.  In his first motion, Green did not specify what injunctive relief he seeks.  ECF 1.  In his second motion for a preliminary injunction, Green states that he wants "security" that no Black Guerilla Family member will be placed in segregation with him. ECF 3 at 2-3.

Green's verified prison records show that he has been on administrative segregation for his safety since October 9, 2021. ECF 5-1 at 5.  Due to allegations that a "hit" was placed on Green's life, WCI staff is investigating the feasibility of transferring him to another medium security facility instead of placing him into the general prison population at WCI.  Declaration of Lt. Justin Smith, ECF 5-2 at 8.  Green has neither filed any administrative remedy procedure requests ("ARP") about his safety nor has he been involved in any serious incidents at WCI.  ECF 5-1 at 2. WCI staff were set to discuss the possibility of transfer with Green at his next administrative segregation review scheduled for January 27, 2022.[1]  Smith Decl. ECF 5-at 1.

## DISCUSSION

### I.  Preliminary Injunctive Relief

Counsel argues that assuming the injunctive relief Green seeks is placement on segregation or transfer to another facility, such a request is moot.  Counsel also argues that Green does not satisfy the requisites for preliminary injunctive relief.

Article III of the Constitution limits judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477 (1990) (citations omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc*., 568 U.S. 85, 91 (2013) (internal quotation marks omitted). There is no evidence before this Court that Green has been transferred to another institution or provided "the security" he wants.  Consequently, there remains a live controversy. The request for injunctive relief has not been rendered moot.

---

[1]  The record does not indicate the result of the meeting.

To obtain a preliminary injunction, a plaintiff must establish that (1) the plaintiff is likely to succeed on the merits, (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in the plaintiff's favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008); *see Dewhurst v. Century Aluminum Co.,* 649 F.3d 287, 290 (4th Cir. 2011).  Because a preliminary injunction is "an extraordinary remedy ... [it] may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter,* 555 U.S. at 22.  The plaintiff must satisfy all four of these requirements. *See Pashby v. Delia*, 709 F.3d 307, 320-21 (4th Cir. 2013).  The standard for a temporary restraining order is the same as a preliminary injunction." *Maages Auditorium v. Prince George's Cty., Md.,* 4 F. Supp. 3d 752, 760 n.1 (D. Md. 2014), aff'd, 681 F. App'x 256 (4th Cir. 2017); *see* Fed. R. Civ. P. 65.

The information before this court demonstrates that prison officials took notice of Green's safety concerns, placed him in administrative segregation pending investigation, and are considering transferring him to another institution.  Green does not assert there has been an attempt to harm him, nor does he allege facts to satisfy the requisites for injunctive relief.  There is no indication from Green, or otherwise, that harm is likely to befall him absent this court's intervention.  Courts have recognized that the functions of prison management, such as security and inmate housing assignments, are best left to the broad discretion of prison administrators to enable safe and effective management.  *See, e.g., Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir.1991); *Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir.1980).  The safeguards already put into place to protect Green's safety is a strong indication that prison officials are effectively addressing his concerns.

Accordingly, Green's request for preliminary injunctive relief is denied.  As Green raises

no other claims for relief, this case will be closed by separate order to follow.

February 16, 2022__                                   _____/s/_____
Date                                                              Stephanie A. Gallagher
                                                                     United States District Judge